The undersigned respectfully dissents from the Opinion and Award of the majority finding that plaintiff's current job is so modified due to his physical limitations that it is not indicative of plaintiff's wage earning capacity.
The North Carolina Court of Appeals has defined suitable employment as any job that plaintiff is capable of performing considering his age, education, physical limitations, vocational skills, and experience.Lowery v. Duke University, 167 N.C.App. 714, 609 S.E.2d 780 (2005). The greater weight of the competent evidence proves that the tool and dye position with defendant is suitable employment within plaintiff's permanent work restrictions of no overhead lifting or overhead work. Although defendant has provided accommodations to plaintiff, which have allowed him to return to his prior position, the evidence fails to show that the accommodations are so significant that plaintiff's job would be considered make work and not an accurate measure of his wage earning capacity.
In fact, plaintiff has continued to perform his job duties without significant help. Plaintiff has asked for help when needed, but does not receive help on a regular daily basis. Dr. Daily has only issued formal restrictions of no overhead lifting. The greater weight of the evidence shows that plaintiff's job with defendant requires little to no overhead lifting. When overhead lifting is required, plaintiff's job allows him to use his left arm.
The majority relies on Peoples v. Cone Mills Corp., 316 N.C. 426,342 S.E.2d 798 (1986) to argue that plaintiff's job with defendant is so modified that it is not indicative of *Page 14 
plaintiff's wage-earning capacity. However, Peoples is significantly distinguishable from the case sub judice. In Peoples, the defendant offered plaintiff a supply room job earning the same wages he was making as a supervisor. The plaintiff in Peoples would not have been able to locate a similar job in the competitive market place. In the present case, plaintiff remains employed in the same pre-injury job while having received three wage increases since his work related incident. Unlike the job offered to plaintiff in Peoples, the job offered to plaintiff in this case has not been so modified as to render it not available in the competitive market place.
When considering plaintiff's minimal work restrictions and his continued ability to perform his work, the evidence fails to show that plaintiff's current job with defendant is not suitable employment or that plaintiff is unable to earn wages in competitive employment at this time such that he should be assessed as totally disabled pursuant to N.C. Gen. Stat. § 97-29. For the foregoing reasons, the undersigned respectfully dissents.
This the 28th day of August 2008.
S/__________________________________ BUCK LATTIMORE COMMISSIONER *Page 1